IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JORGE AND MARTHA HERNANDEZ, | § § | |
| PLAINTIFF, | § § | |
| V. | § § | |
| SUSSEX INSURANCE COMPANY F/K/A COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY, WELLINGTON CLAIM SERVICE, INC., WELLINGTON ADJUSTING SERVICES, INC., AND CHRISTOPHER GRIMM, | § § § § § § § § | CIVIL ACTION NO. 5:16-cv-348 (JURY DEMANDED) |
| DEFENDANTS. | § | |

### DEFENDANT SUSSEX INSURANCE COMPANY F/K/A COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Sussex Insurance Company f/k/a Companion Property and Casualty Insurance Company ("SIC") files this Notice of Removal from the state court action pending against it - Cause No. 2016C102213, *Jorge Hernandez and Martha Hernandez v. Sussex Insurance Company f/k/a Companion Property and Casualty Insurance Company, Wellington Claim Service, Inc., Wellington Adjusting Services, Inc., and Christopher Grimm;* In the 73rd Judicial District Court, Bexar County, Texas - to the United States District Court for the Western District of Texas, San Antonio Division, on the basis of diversity of citizenship, and amount in controversy and respectfully shows:

1. This is a civil action. Plaintiffs' Original Petition was filed in state court on or about February 9, 2016, under Cause No. 2016C102213, *Jorge Hernandez and Martha Hernandez v. Sussex Insurance Company f/k/a Companion Property and Casualty Insurance Company, Wellington Claim Service, Inc., Wellington Adjusting Services, Inc., and Christopher Grimm;* In the 73rd Judicial District Court, Bexar County, Texas. Plaintiff served SIC with Plaintiffs' Original Petition on or about March 7, 2016. SIC filed its answer and special exceptions to Plaintiffs' threadbare allegations on or about March 28, 2016.

2. Plaintiff served Christopher Grimm ("Grimm") with Plaintiff's Original Petition on March 8, 2016. Grimm filed his answer on March 28, 2016. Grimm consents to this removal despite the law holding that an improperly joined defendant does not need to consent to removal.

3. Plaintiff served Defendant Wellington Claim Service, Inc. ("Wellington") with process on March 7, 2016. As an improperly joined defendant, Wellington does not need to consent to the removal; however, Wellington consents to this removal.

4. This suit involves a claim for policy benefits under a policy issued to Jorge Hernandez and Martha Hernandez by SIC.

5. SIC files this notice of removal within the 30-day time period required by 28 U.S.C. § 1446(b).

6. The amount in controversy exceeds $75,000 because Plaintiffs' pleading seeks over $200,000. *See* Exhibit A attached hereto, the State Court file. In addition to claimed actual damages, Plaintiff seeks attorneys' fees and unspecified damages for alleged breach of the duty of good faith and fair dealing, violations of the DTPA, Texas Insurance Code, fraud, and conspiracy to commit fraud, and pre-judgment and post-judgment interest. *Id.*

7.	Both at the time the lawsuit was filed, and at the time of removal, Plaintiffs were and are citizens and residents of the State of Texas.

8.	Both at the time the lawsuit was filed, and at the time of removal, SIC was and remains an insurer organized and existing under the laws of State of South Carolina, with its principal place of business in Columbia, South Carolina.  For diversity purposes, a corporate entity is a citizen of both the state in which it was incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988).

9.	Both at the time the lawsuit was filed, and at the time of removal, Grimm was and remains a Texas resident and citizen.  Defendant Wellington Claim Service, Inc. is and was, at the time of service and the time of removal, a corporation organized and existing under the laws of the State of Texas, with its principal place of business in Fort Worth, Texas.  Wellington is a citizen of Texas.

10.	Plaintiffs improperly joined Defendants Wellington and Grimm to attempt to defeat diversity jurisdiction and drive up costs of this litigation, including the unnecessary costs of discovery.  The properly joined defendant, SIC, is diverse to Plaintiff and the action can be removed.

### Wellington and Grimm were improperly joined.

11.	Defendant SIC can establish improper joinder in either of two ways:  "(1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a cause of action against the non-diverse party in state court."[1]  "[T]he second way of establishing improper joinder stated differently means that there is no reasonable basis for the district court to predict

---

[1] *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573, 574 (5th Cir. 2004).

that the plaintiff might be able to recover against an in-state defendant."[2] In this case, SIC will show that Wellington and Grimm were improperly joined because the "facts" asserted against them do not state <u>actionable</u> claims and, therefore, there is no reasonable basis for this Court to predict the probability of recovery against them.

### A. Plaintiffs' "factual" allegations are false with respect to Grimm.

12. First, Grimm, is not the field adjuster who inspected the Property as Plaintiffs allege. *See* Exhibit B, affidavit of Christopher Grimm, attached hereto and incorporated herein by reference. Grimm, a Claims Examiner, reviewed the report of the field adjuster and transmitted the information to SIC. *Id.* It is therefore factually impossible that he performed a substandard inspection as he was not the adjuster who performed the inspection. Grimm advised Plaintiffs of **SIC's** decision on the claim. *Id.*

13. Specifically, Marshall Owens, not Grimm, was the field adjuster who took photos during his inspection. *Id.* Grimm reviewed Owens' report and photos which reveal non-covered perils such as wear, tear, deterioration and lack of maintenance such as gaping voids in caulking around roof vents. *See id.*



65-IMG_3203
Date Taken: 12/15/2015
Taken By: Owens
Close up.

Note the cracks/holes in the caulking documented by Owens in his photos.

---

[2] *Id.; Michaels v. Safeco Ins. Co. of Indiana*, 2013 WL 5935067, at *3 (5th Cir. Nov. 6, 2013) (per curiam).

14. Grimm was improperly joined in this lawsuit and remand should be denied.

**B. Plaintiffs' claims against Grimm and Wellington are generic, regurgitations of the alleged actions against them and the allegations do not allege any tort by Wellington or Grimm causing any independent injury to Plaintiffs separate from the damages Plaintiffs seek against SIC.**

15. Second, remand should be denied, as Plaintiffs do not allege any actionable facts in the causes of action asserted against Grimm and Wellington. Further, Plaintiffs do not allege that Grimm or Wellington committed any tort, in their individual capacities, which was the producing cause of injury to Plaintiffs independent of the contractual damages Plaintiffs assert against SIC.

16. Plaintiffs' Counsel filed a form petition generically alleging that Wellington and Grimm engaged in "unfair settlement practice," misrepresented material facts related to coverage to Plaintiff, failed to attempt in good faith to fairly settle the claim, failed to adopt reasonable standards for prompt claim investigation, failed to explain to Plaintiff the basis for the underpayment by SIC, and committed fraud, and committed conspiracy to commit fraud.[3]

17. Further, without asserting facts as to how Grimm and Wellington, individually, committed an actionable violation of the Texas Insurance Code, Plaintiffs' claims cannot survive dismissal.[4] Generic allegations will not support an arguable basis of individual liability against the individual Non-Insurer Defendants.[5] Texas law is clear that to be liable for alleged Insurance Code violations, the adjuster, individually, must have committed the violation that caused the

---

[3] Exhibit A, Plaintiff's Petition at ¶¶ 19-21, 25-29, 37-50, 52, which is fully incorporated herein by reference.
[4] *See Twombly*, 550 U.S. at 555.
[5] *Caballero v. State Farm Lloyds*, 2003 WL 23109217 (S.D.Tex. 2003) (Hudspeth, J.) (not designated for publication).

harm independent of the alleged contractual harm caused by the insurer.[6]  Here, the alleged harm is SIC's failure to pay the claim.

18.     Plaintiffs' assertions are false and disingenuous and do not state an actionable Insurance Code violation against Wellington or Grimm.  The Court may conduct the *Smallwood* test using a Rule 12(b)(6) analysis of the Original Petition to determine whether Plaintiffs state a claim, or the Court may use a summary inquiry to identify discrete and undisputed facts that would preclude recovery.[7]  The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party.  *Waters v. State Farm Mut. Auto. Ins. Co.,* 158 F.R.D. 107, 109 (S.D. Tex. 1994). Additionally, "merely *pleading* a valid state law claim . . . against the resident defendant does not mean that the joinder of the resident defendant is not fraudulent . . . ."  *Hornbuckle v. State Farm Lloyd's*, 385 F.3d 538, 542 (5th Cir. 2004).  In the context of joinder of non-diverse insurance adjusters, the Southern District has required plaintiffs "to allege specific actionable conduct by the adjuster and to distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against the insurer."[8]

19.     Here, Plaintiffs fail to offer any *specific* facts in support of their claims against Wellington or Grimm that are distinct from Plaintiffs' claims against SIC, and therefore fail to state a viable state law claim against Wellington or Grimm, individually.  *See Okenkpu*, 2012 WL 1038678 at *7; *Keen v. Wausau Business Ins. Co.*, 875 F.Supp.2d 682 (S.D.Tex. 2012)

---

[6] *Frisby v. Lumberman's Mut. Cas. Co.*, 500 F.Supp.2d 697 (S.D.Tex. 2007).
[7] *Smallwood*, 385 F.3d at 573; *Michaels*, 2013 WL 5935067 @ *3.
[8] *Okenkpu v. Allstate Texas Lloyd's,* Civ. A. H-11-2376, 2012 WL 1038678 at *7 (S.D. Tex. Mar. 27, 2012) (citing *Centro Cristiano Cosecha Final, Inc. v. The Ohio Casualty Ins. Co.,* Civ. A. No. H–10–1846, 2011 WL 240335, *14 (S.D.Tex. Jan.20, 2011); *Gonzales v. Homeland Ins. Co. of New York,* Civ. A. No. H–11–123, 2011 WL 3104104 (S.D.Tex. July 25, 2011); *Emmanuel Deliverance Temple of Refuge, Inc. v. Scottsdale Ins. Co.,* Civ. A. No. H–10–4162, 2011 WL 2837588 (S.D.Tex. July 18, 2011); *Jiminez v. Travelers Indem. Co.,* Civ. A. No. H–09–1308, 2010 WL 1257802, *6 (S.D.Tex. Mar.25, 2010); *Glen Willow Apartments v. Lexington Ins. Co.,* Civ. A. No. H–10–2095, 2011 WL 1044206, *3 (March 16, 2001)).

(Harmon, J.) ("[W]hen an adjuster's actions 'can be accomplished by [the insurer] through an agent' and when the claims against the adjuster are identical to those against the insurer, the adjuster's actions 'are indistinguishable from [the insurer's] actions' and hence are insufficient to support a claim against the adjuster.") (citing *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, 2011 WL 240335, *14 (S.D. Tex. 2011)). *See also, Fregoso v. State Farm Lloyds*, Civil Action No. 7:14-CV-530 (S.D. Tex. 2016), attached hereto as Exhibit C.

20. Further, Plaintiffs' allegations against Wellington or Grimm are conclusory in that they contain no reference to any material facts to which the law should apply. Aside from alleging that Grimm was an independent adjuster assigned by Wellington to adjust the claim, (which is false) Plaintiffs' only "factual" allegations that apply specifically to Wellington or Grimm are the generic and conclusory allegations that Grimm: i) improperly adjusted the claim; ii) conducted a substandard inspection, based solely on the conclusory statement that Grimm did not include "all" damages in his estimate because he found very little evidence of storm related damage to Plaintiffs' property upon inspection, thus failing to allow for "adequate funds" to repair the subject property; and iii) made unspecified misrepresentations to Plaintiffs and SIC, causing underpayment of Plaintiffs' claim. *See* Plaintiffs' Original Petition, Exhibit A.

21. Plaintiffs' generic allegations fail to state an actionable claim against Wellington or Grimm warranting remand to State Court. Notably, Grimm was not the field adjuster who inspected the Property. *See* above and Exhibit B attached hereto. Further, just as in the *Okenkpu* case cited above, the Original Petition "fails to specify any statements which Plaintiffs consider to be misrepresentations or fraudulent, [Plaintiffs do] not identify when and where these statements were made or why they are fraudulent or misrepresentative." *Okenkpu*, 2012 WL 1038678 at *6.

22.     Further, simply alleging that an independent adjuster found damages unattributed to a covered peril is not the type of a statement or conduct deemed to be actionable under Ins. Cod. 541.060(a)(1) because such opinions do not relate to coverage at issue.  *One Way Investments, Inc. v. Century Surety Co., et al.*; Civil Action No. 3:14-CV-2839-D; in the United States District Court of the Northern District of Texas, Dallas Division, a copy of same is attached hereto as Exhibit D and incorporated fully herein by reference.

23.     Briefly summarizing statutory language and common law causes of action, as Plaintiffs did here, is not the same as pleading <u>actionable</u> facts to which a cause of action should apply.  Thus, there is no reasonable basis for the Court to predict that Plaintiffs might be able to recover against Grimm or Wellington, individually. *Griggs*, 181 F.3d at 699-701; *Keen*, 875 F.Supp.2d at 686 (because Plaintiff's claims against the adjuster are identical to his claims against the insurer, Plaintiff fails adequately to state a claim against the adjuster); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, 2009 WL 1437837, at *3-4 (N.D. Tex. 2009) (finding allegations that listed Insurance Code provisions and asserted that "Defendants" violated such provisions "are really legal conclusions couched as factual allegations"); *Lakewood Chiropractic Clinic*, 2009 WL 3602043, at *3 (S.D. 2009) (holding that "near verbatim recitations of portions of Chapters 541 and 542 of the Texas Insurance Code" without "facts illustrating what actions are attributable to [the adjuster] individually" does not provide a reasonable basis of recovery).

24.     "[T]o state a valid state law cause of action, Plaintiffs' Petition must demonstrate a 'factual fit' between the allegations and the pleaded theory of recovery."[9]  It does not.  Mere recitals of the elements of a cause of action supported by conclusory statements are insufficient

to establish a state law cause of action.[10] It is not the law in Texas that, any time an adjuster writes an estimate below a policy's deductible or for less than "full limits of the policy," that a reasonable possibility of recovery against him/her individually exists simply because he/she theoretically could be sued. *McGinty v. Hennen*, 372 S.W.3d 625, 658 (Tex. 2012) (overturning a jury verdict finding that an expert's repair estimate using Xactimate was not legally sufficient evidence of reasonable and necessary damages). The Court noted that the expert's testimony that the software was widely used and how he derived his figures in his estimate "did not in itself make the figure reasonable."[11] This, however, is precisely the pleaded claims against Grimm and Wellington in the Original Petition. As pleaded, these claims are not actionable, but are asserted only in an attempt to defeat diversity jurisdiction. The claim at issue, no matter how Plaintiffs couch it in the lawsuit, is whether SIC owes Plaintiffs any amount for a covered loss.

25. The citizenship of the non-diverse defendants, Grimm and Wellington, therefore, is disregarded and removal of this case is proper.

26. Thus, by virtue of diversity of citizenship, and amount in controversy, the United States District Courts have original jurisdiction over this case.

27. Simultaneously with the filing of this notice of removal, SIC files copies of the all pleadings, orders and other filings in the state court. *See* Exhibit A. A certified copy of the docket sheet has been ordered and will be filed immediately upon receipt thereof.

28. Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the action is pending is located in this district.

29. Defendant made a jury demand in state court.

---

[9] *See First Baptist Church of Mauriceville, Texas v. Guideone Mut. Ins. Co.*, 2008 WL 4533729 (E.D.Tex. 2008 (not designated for publication) (Hines, J.) *See also Terrell v. Ace European Group Ltd.*, No. 1:09-cv-506, slip op. at 12 (E.D. Tex. Feb. 24, 2010) (citing *Griggs v. State Farm Lloyd's*, 181 F.3d 694, 700 (5th Cir. 1999)).
[10] *See Ashcroft v. Iqbal*, 129 S.Ct 1297 (2009).

WHEREFORE, SIC hereby removes this case to this Court for trial and determination.

                                                              **THOMPSON, COE, COUSINS & IRONS, L.L.P.**

By: */s/ George H. Arnold*
     **George H. Arnold, Attorney-In-Charge**
     S.D. Tex. Bar No. 15948
     State Bar No. 00783559
     garnold@thompsoncoe.com
     D. Christene Wood
     S.D. Tex. Bar No. 38044
     State Bar No. 4042188
     cwood@thompsoncoe.com
     One Riverway, Suite 1400
     Houston, Texas 77056
     Telephone: (713) 403-8210
     Facsimile: (713) 403-8299

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2016, Defendant's Notice of Removal was served electronically or via certified mail, return receipt requested, or facsimile upon the following counsel of record:

Rene M. Sigman
MOSTYN LAW
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)
rmsdocketefile@mostynlaw.com

**ATTORNEY FOR PLAINTIFFS**

                                                            */s/ D. Christene Wood*

---

[11] *Id.* at 627-28.