

**Civil Action No. 5:16-cv-348**

CORPORATION SERVICE COMPANY®

# Notice of Service of Process

TMM / ALL
Transmittal Number: 14881900
Date Processed: 03/08/2016

| | |
|---|---|
| **Primary Contact:** | Steve Poston<br>Wellington Risk Insurance Agency, Inc.<br>6801 Calmont Avenue<br>Fort Worth, TX 76116 |
| **Copy of transmittal only provided to:** | Susan Stone<br>Scott Taylor<br>Legal Department<br>Donald Bauman |

| | |
|---|---|
| **Entity:** | Wellington Claim Service, Inc.<br>Entity ID Number 3244121 |
| **Entity Served:** | Wellington Claim Service Inc |
| **Title of Action:** | Jorge Hernandez vs. Sussex Insurance Company f/k/a Companion Property and Casualty Insurance Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Violation of State/Federal Act |
| **Court/Agency:** | Bexar County District Court, Texas |
| **Case/Reference No:** | 2016CI02213 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 03/07/2016 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Rene M. Sigman<br>713-714-0000 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com



PRIVATE PROCESS                    Case Number: 2016-CI-02213

```
2016CI02213 S00002
```

**JORGE HERNANDEZ ET AL**

**VS.**

**SUSSEX INSURANCE COMPANY ET AL**
(Note: Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
73rd JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

*DELIVERED* MAR - 7 2016

"THE STATE OF TEXAS"

Directed To: WELLINGTON CLAIM SERVICE INC
BY SERVING CORPORATION SERVICES COMPANY D/B/A CSC - LAWYERS
INCORPORATING SERVICE COMPANY

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk
who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 9th
day of February, 2016.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 25TH DAY OF FEBRUARY A.D., 2016.

PETITION

RENE M SIGMAN
ATTORNEY FOR PLAINTIFF
3810 W ALABAMA ST
HOUSTON, TX 77027-5204



**Donna Kay McKinney**
**Bexar County District Clerk**
**101 W. Nueva, Suite 217**
**San Antonio, Texas 78205**

By: *Maria J Abilez,* Deputy

<hr>

**OFFICER'S RETURN**

```
I received this citation on _____ at _____o'clock ___M. and:( ) executed
it by delivering a copy of the citation with the date of delivery endorsed on it to the
defendant,_____ in person on the _____ at
_____o'clock ___M. at:_____ or ( ) not executed
because _____ Fees:_____ Badge/PPS #:_____
Date certification expires:_____
                                          _____County, Texas

                                 By:_____
OR:  VERIFICATION  OF  RETURN  (If  not  served  by  a  peace  officer)  SWORN  TO  this
_____.

                                 _____
                                 NOTARY PUBLIC, STATE OF TEXAS

OR:  My name is_____, my date of birth is_____, and my
address is _____, _____(County).
I declare under penalty of perjury that the foregoing is true and correct. Executed in
_____County, State of Texas, on the _____ day of_____, 20_____.

                                 _____
                                 Declarant
                                          ORIGINAL (DK002)
```

 **CT Corporation**

**Service of Process Transmittal**
03/07/2016
CT Log Number 528775696

**TO:**   Dee White
Sussex Insurance Company
221 Dawson Rd
Columbia, SC 29223-1704

**RE:**   **Process Served in Texas**

**FOR:**   Sussex Insurance Company  (Domestic State: SC)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JORGE HERNANDEZ and MARTHA HERNANDEZ, Pltfs. vs. SUSSEX INSURANCE COMPANY, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Citation, Original Petition, Exhibit(s) |
| **COURT/AGENCY:** | 73rd Judicial District Court Bexar County, TX<br>Case # 2016CI02213 |
| **NATURE OF ACTION:** | Insurance Litigation - Claim for policy benefits |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/07/2016 at 13:35 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next after the expiration of 20 days after you were served |
| **ATTORNEY(S) / SENDER(S):** | RENE M SIGMAN<br>MOSTYN LAW<br>3810 West Alabama Street<br>Houston, TX 77027<br>713-714-0000 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 782545077271<br><br>Image SOP<br><br>Email Notification,  Dee White  columbiadoc.info@enstargroup.com<br><br>Email Notification,  Jessica Mieles  jessica.mieles@enstargroup.com<br><br>Email Notification,  Jenny Baxley  Jenny.baxley@enstargroup.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>1999 Bryan St Ste 900<br>Dallas, TX 75201-3140<br>214-932-3601 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

PRIVATE PROCESS

Case Number: 2016-CI-02213

2016CI02213 S00001

JORGE HERNANDEZ ET AL

**VS.**

SUSSEX INSURANCE COMPANY ET AL

(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
73rd JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: SUSSEX INSURANCE COMPANY F/K/A COMPANION PROPERTY AND
CASUALTY INSURANCE COMPANY

BY SERVING ITS REGISTERED AGENT, C T CORPORATION SYSTEM

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk
who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 9th
day of February, 2016.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 25TH DAY OF FEBRUARY A.D., 2016.

PETITION

RENE M SIGMAN
ATTORNEY FOR PLAINTIFF
3810 W ALABAMA ST
HOUSTON, TX 77027-5204



**Donna Kay McKinney**
**Bexar County District Clerk**
**101 W. Nueva, Suite 217**
**San Antonio, Texas 78205**

By: *Maria J Abilez,* Deputy

OFFICER'S RETURN

I received this citation on _____ at _____o'clock ___M. and:( ) **executed**
it by delivering a copy of the citation with the date of delivery endorsed on it to the
defendant,_____ in person on the _____ at
_____o'clock ___M. at:_____ or ( ) **not executed**
because _____ Fees:_____ Badge/PPS #:_____
Date certification expires:_____

_____County, Texas

By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO this
_____.

_____

NOTARY PUBLIC, STATE OF TEXAS

OR: My name is_____, my date of birth is_____, and my
address is _____, _____(County).
I declare under penalty of perjury that the foregoing is true and correct. Executed in
_____County, State of Texas, on the _____ day of_____, 20____.

5/7/16

Declarant

ORIGINAL (DK002)

FILED
2/9/2016 5:07:46 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Brenda Carrillo

4CITSPPS/SAC2 W/JD

## 2016CI02213

CAUSE NO. _____

| | | |
|---|---|---|
| JORGE HERNANDEZ AND | § | IN THE DISTRICT COURT OF |
| MARTHA HERNANDEZ, | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | BEXAR COUNTY, TEXAS |
| | § | |
| SUSSEX INSURANCE COMPANY | § | |
| F/K/A COMPANION PROPERTY | § | |
| AND CASUALTY INSURANCE | § | |
| COMPANY, WELLINGTON CLAIM | § | |
| SERVICE, INC., WELLINGTON | § | |
| ADJUSTING SERVICES, INC., AND | § | **73RD** |
| CHRISTOPHER GRIMM, | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

---

### PLAINTIFFS' ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Jorge Hernandez and Martha Hernandez ("Plaintiffs") and file this, *Plaintiffs' Original Petition*, complaining of Sussex Insurance Company f/k/a Companion Property and Casualty Insurance Company ("Sussex"), Wellington Claim Service, Inc. ("WCS"), Wellington Adjusting Services, Inc. ("Wellington Adjusting"), and Christopher Grimm ("Grimm") (hereinafter collectively referred to as "Defendants"), and for cause of action, Plaintiffs would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.     Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs will ask the Court to order that discovery be conducted in

accordance with a discovery control plan tailored to the particular circumstances of this suit.

## PARTIES

2.     Plaintiffs Jorge Hernandez and Martha Hernandez are individuals residing in Bexar County, Texas.

3.     Defendant Sussex is a foreign insurance company engaging in the business of insurance in the State of Texas. This defendant may be served with personal process, by a process server, by serving its Attorney for Service, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4.     Defendant WCS is a domestic adjusting company engaged in the business of adjusting insurance claims in the State of Texas. This defendant may be served with personal process, by a process server, by serving its Registered Agent, Corporation Services Company d/b/a CSC - Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

5.     Defendant Wellington Adjusting is a domestic adjusting company engaged in the business of adjusting insurance claims in the State of Texas. This defendant may be served with personal process, by a process server, by serving its Registered Agent, Corporation Services Company d/b/a CSC - Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas, 78701.

6.     Defendant Christopher Grimm is an individual residing in and domiciled in the State of Texas. This defendant may be served with personal process by a process server at his place of residence at 1350 SW Alsbury Blvd, Apt 611, Burleson, Texas 76028.

## JURISDICTION

7.  The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiffs are seeking monetary relief over $200,000 but not more than $1,000,000. Plaintiffs reserve the right to amend their petition during and/or after the discovery process.

8.  The Court has jurisdiction over Defendant Sussex because this defendant is a foreign insurance company that engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

9.  The Court has jurisdiction over Defendant WCS because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

10. The Court has jurisdiction over Defendant Wellington Adjusting because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

11. The Court has jurisdiction over Defendant Grimm because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

**VENUE**

12. Venue is proper in Bexar County, Texas, because the insured property is situated in Bexar County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

**FACTS**

13. Plaintiffs are the owners of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Sussex.

14.   Plaintiffs own the insured property, which is specifically located at 239 Woley Drive, San Antonio, Texas 78228, in Bexar County (hereinafter referred to as "the Property").

15.   Sussex sold the Policy insuring the Property to Plaintiffs.

16.   On or about April 25, 2015, a hail storm and/or windstorm struck Bexar County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiffs' residence (hereinafter referred to as "the Storm"). Specifically, Plaintiffs' roof sustained extensive damage during the Storm. Plaintiffs also sustained additional structural and exterior damage during the Storm including, but not limited to, the exterior siding. Water intrusion through the roof caused significant damage throughout the entire home including, but not limited to, the home's ceilings, walls, insulation, and flooring. After the April 25, 2015 Storm, when damages became apparent and visible to Plaintiffs, Plaintiffs filed a claim with their insurance company, Sussex, for the damages to their home caused by the hail storm and/or windstorm.

17.   Plaintiffs submitted a claim to Sussex against the Policy for Roof Damage, Structural Damage, Water Damage, and Wind Damage the Property sustained as a result of the hail storm and/or windstorm.

18.   Plaintiffs asked that Sussex cover the cost of repairs to the Property, including, but not limited to, repair and/or replacement of the roof and repair of the exterior, structural, and/or interior water damage to the Property, pursuant to the Policy.

19.   Defendant Sussex assigned Defendant WCS and/or Defendant Wellington Adjusting to adjust the claim. WCS and/or Wellington Adjusting and/or Sussex then assigned Defendant Grimm as the individual adjuster on the claim. Grimm was improperly trained and failed to perform a thorough inspection of Plaintiffs' property for hail storm and/or

windstorm damages and failed to conduct a reasonable investigation of Plaintiffs' claim. Grimm conducted a substandard investigation of Plaintiffs' claim. The inadequacy of Defendant Grimm's investigation is further evidenced by his letter to Plaintiffs dated December 23, 2015, which asserts vague and ambiguous reasons for the denial of the claim and for the items that were damaged, and thus no payment would be made on their claim. Although Grimm was aware of Plaintiffs' reported potential damages covered by the Policy, he made determinations as to the amount of Plaintiffs' claim without conducting thorough and reasonable investigation and/or inspection of Plaintiffs' damages. Ultimately, Defendant Grimm determined that the damages were not covered under the Policy, thus no payment would be made on the claim. Grimm's inadequate investigation was relied upon by Defendants Sussex, WCS, and Wellington Adjusting in this action and resulted in Plaintiffs' claim being undervalued and underpaid.

20.     Defendants Sussex, WCS, and Wellington Adjusting, along with their personnel, failed to thoroughly review and properly oversee the work of the assigned claims representative and adjusters, including Defendant Grimm, ultimately approving an improper adjustment of and an inadequate, unfair settlement of Plaintiffs' claim. Further, Sussex, WCS, Wellington Adjusting, and Grimm misrepresented that Plaintiffs' damages were not covered under the Policy, when the losses, in fact, were properly covered damages. Sussex, WCS, Wellington Adjusting, and Grimm denied Plaintiffs' claim without performing a reasonable investigation. As a result of these wrongful acts and omissions set forth above and further described herein, Plaintiffs were considerably underpaid on their claim and have suffered damages.

21.    Together, Defendants Sussex, WCS, Wellington Adjusting, and Grimm set out to deny and/or underpay on properly covered damages.  As a result of this unreasonable investigation, including the under-scoping of Plaintiffs' Storm damages during the investigation and failure to provide full coverage for the damages sustained, Plaintiffs' claim was improperly adjusted, and they were denied adequate and sufficient payment to repair their home.  The mishandling of Plaintiffs' claim has also caused a delay in their ability to fully repair their home, which has resulted in additional damages.  To date, Plaintiffs have yet to receive the full payment to which they are entitled under the Policy.

22.    As detailed in the paragraphs below, Sussex wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs.  Furthermore, Sussex underpaid some of Plaintiffs' claims by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

23.    To date, Sussex continues to delay in the payment for the damages to the property.  As such, Plaintiffs have not been paid in full for the damages to their home.

24.    Defendant Sussex failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy.  Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs.  Sussex's conduct constitutes a breach of the insurance contract between Sussex and Plaintiffs.

25.    Defendants Sussex, WCS, Wellington Adjusting, and Grimm misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the

damage was caused by a covered occurrence. Defendants Sussex's, WCS', Wellington Adjusting's, and Grimm's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

26.    Defendants Sussex, WCS, Wellington Adjusting, and Grimm failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants Sussex's, WCS', Wellington Adjusting's, and Grimm's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

27.    Defendants Sussex, WCS, Wellington Adjusting, and Grimm failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendants Sussex, WCS, Wellington Adjusting, and Grimm failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants Sussex, WCS, Wellington Adjusting, and Grimm did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendants Sussex's, WCS', Wellington Adjusting's, and Grimm's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

28.    Defendants Sussex, WCS, Wellington Adjusting, and Grimm failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants Sussex, WCS, Wellington Adjusting, and Grimm. Defendants

Sussex's, WCS', Wellington Adjusting's, and Grimm's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

29.     Defendants Sussex, WCS, Wellington Adjusting, and Grimm refused to fully compensate Plaintiffs under the terms of the Policy, even though Defendants Sussex, WCS, Wellington Adjusting, and Grimm failed to conduct a reasonable investigation. Specifically, Defendants Sussex, WCS, Wellington Adjusting, and Grimm performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. Defendants Sussex's, WCS', Wellington Adjusting's, and Grimm's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

30.     Defendant Sussex failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim. Sussex's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

31.     Defendant Sussex failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. Sussex's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

32.     Defendant Sussex failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed, and, to date, Plaintiffs have not received full

payment for their claim.  Sussex's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.058.

33.  From and after the time Plaintiffs' claim was presented to Defendant Sussex, the liability of Sussex to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, Sussex has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.  Sussex's conduct constitutes a breach of the common law duty of good faith and fair dealing.

34.  Defendants Sussex, WCS, Wellington Adjusting, and Grimm knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

35.  As a result of Defendants Sussex's, WCS', Wellington Adjusting's, and Grimm's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

36.  Plaintiffs' experience is not an isolated case.  The acts and omissions Sussex committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Sussex with regard to handling these types of claims.  Sussex's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

### CAUSES OF ACTION:

#### CAUSES OF ACTION AGAINST DEFENDANTS GRIMM

#### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

37.   Defendants Sussex and/or WCS and/or Wellington Adjusting assigned Defendant Grimm to adjust the claim. Defendant Grimm was improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiffs' damages. During his investigation, the adjuster failed to properly assess Plaintiffs' hail storm and/or windstorm damages. The adjuster also omitted covered damages from his report, including many of Plaintiffs' interior damages. In addition, the damages that the adjuster did include in the estimate were severely underestimated.

38.   Defendant Grimm's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

39.   Defendant Grimm is individually liable for his unfair and deceptive acts, irrespective of the fact he was acting on behalf of Sussex, because he is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added; *see also Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998)) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability).

40.   Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendant Grimm's misrepresentations by means of deceptive conduct include, but are

not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating that Plaintiffs' damages were less severe than they in fact were; (3) using his own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiffs received. Defendant Grimm's unfair settlement practice, as described above and the example given herein, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

41.   Defendant Grimm's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

42.   Defendant Grimm failed to explain to Plaintiffs the reasons for his offer of an inadequate settlement.    Specifically, Defendant Grimm failed to offer Plaintiffs adequate compensation without any explanation as to why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did he provide any explanation for the failure to adequately settle Plaintiffs' claim. The unfair settlement practice of Defendant Grimm as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim,

constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

43.    Defendant Grimm's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

44.    Defendant Grimm did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiffs' exterior and interior damages, although reported by Plaintiffs to Sussex.  Defendant Grimm's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

### CAUSES OF ACTION AGAINST DEFENDANT WCS AND WELLINGTON ADJUSTING

#### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

45.    Defendants WCS' and Wellington Adjusting's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are made actionable by TEX. INS. CODE §541.151.

46.    Defendants WCS' and Wellington Adjusting's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

47.  Defendants WCS' and Wellington Adjusting's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

48.  Defendant WCS' and Wellington Adjusting's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS CODE §541.060(a)(3).

49.  Defendants WCS' and Wellington Adjusting's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

50.  Defendants WCS' and Wellington Adjusting's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(A)(7).

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

51.  Plaintiffs are not making any claims for relief under federal law.

### FRAUD

52.   Defendants Sussex, WCS, Wellington Adjusting, and Grimm are liable to Plaintiffs for common law fraud.

53.   Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendants Sussex, WCS, Wellington Adjusting, and Grimm knew were false or made recklessly without any knowledge of their truth as a positive assertion.

54.   The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

### CONSPIRACY TO COMMIT FRAUD

55.   Defendants Sussex, WCS, Wellington Adjusting, and Grimm are liable to Plaintiffs for conspiracy to commit fraud.   Defendants Sussex, WCS, Wellington Adjusting, and Grimm were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means.   In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendants Sussex, WCS, Wellington Adjusting, and Grimm committed an unlawful, overt act to further the object or course of action.   Plaintiffs suffered injury as a proximate result.

### CAUSES OF ACTION AGAINST SUSSEX ONLY

56.   Defendant Sussex is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

57.   Defendant Sussex's conduct constitutes a breach of the insurance contract made between Sussex and Plaintiffs.

58.   Defendant Sussex's failure and/or refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Sussex's insurance contract with Plaintiffs.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

59.   Defendant Sussex's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

60.   Defendant Sussex's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

61.   Defendant Sussex's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Sussex's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

62.   Defendant Sussex's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim,

constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

63.   Defendant Sussex's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

64.   Defendant Sussex's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

65.   Defendant Sussex's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

66.   Defendant Sussex's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

67.   Defendant Sussex's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

68.   Defendant Sussex's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### ACTS CONSTITUTING ACTING AS AGENT

69.   As referenced and described above, and further conduct throughout this litigation and lawsuit, WCS, Wellington Adjusting, and Grimm are agents of Sussex based on their acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

70.   Separately, and/or in the alternative, as referenced and described above, Sussex ratified the actions and conduct of WCS, Wellington Adjusting, and Grimm, including the completion of their duties under the common law and statutory law.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

71.   Defendant Sussex's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

72.   Defendant Sussex's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Sussex knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### KNOWLEDGE

73.   Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

## DAMAGES

74.   Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

75.   As previously mentioned, the damages caused by the April 25, 2015, hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs.  These damages are a direct result of Defendants Sussex's, WCS', Wellington Adjusting's, and Grimm's mishandling of Plaintiffs' claim in violation of the laws set forth above.

76.   For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

77.   For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. TEX. INS. CODE §541.152.

78.   For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

79.   For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach

of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

80.   For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

81.   For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading.   Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

82.   Plaintiffs hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Bexar County, Texas.   Plaintiffs hereby tender the appropriate jury fee.

## WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURES

83.   *Plaintiffs' Request for Disclosures to Defendant Sussex Insurance Company f/k/a Companion Property and Casualty Insurance Company* is attached as "Exhibit A." *Plaintiffs' Request for Disclosures to Defendant Wellington Claim Service, Inc.* is attached as "Exhibit A-1." *Plaintiffs' Request for Disclosures to Defendant Wellington Adjusting Services, Inc.* is attached as "Exhibit A-2." *Plaintiffs' Request for Disclosures to Defendant Christopher Grimm* is attached as "Exhibit A-3."

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

**MOSTYN LAW**

*/s/ René M. Sigman*
René M. Sigman
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFFS**

**"EXHIBIT A"**

**CAUSE NO. _____**

| | | |
|---|---|---|
| **JORGE HERNANDEZ AND** | § | **IN THE DISTRICT COURT OF** |
| **MARTHA HERNANDEZ,** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **BEXAR COUNTY, TEXAS** |
| | § | |
| **SUSSEX INSURANCE COMPANY** | § | |
| **F/K/A COMPANION PROPERTY** | § | |
| **AND CASUALTY INSURANCE** | § | |
| **COMPANY, WELLINGTON CLAIM** | § | |
| **SERVICE, INC., WELLINGTON** | § | |
| **ADJUSTING SERVICES, INC., AND** | § | |
| **CHRISTOPHER GRIMM,** | § | |
| *Defendants.* | § | **_____ JUDICIAL DISTRICT** |

**PLAINTIFFS' REQUEST FOR DISCLOSURES TO DEFENDANT**
**SUSSEX INSURANCE COMPANY F/K/A COMPANION PROPERTY AND CASUALTY**
**INSURANCE COMPANY**

TO:   DEFENDANT SUSSEX INSURANCE COMPANY F/K/A COMPANION PROPERTY
AND CASUALTY INSURANCE COMPANY, by and through its Attorney for Service,
C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request that the
above-named Defendant, Sussex Insurance Company f/k/a Companion Property and Casualty
Insurance Company (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days
after the date of service of this request, the information or material described in Rule 194.2.

Respectfully submitted,

**MOSTYN LAW**

*/s/ René M. Sigman*
René M. Sigman
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFFS**

Page 21

**"EXHIBIT A-1"**

**CAUSE NO._____**

| | | |
|---|---|---|
| JORGE HERNANDEZ AND | § | IN THE DISTRICT COURT OF |
| MARTHA HERNANDEZ, | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | BEXAR COUNTY, TEXAS |
| | § | |
| SUSSEX INSURANCE COMPANY | § | |
| F/K/A COMPANION PROPERTY | § | |
| AND CASUALTY INSURANCE | § | |
| COMPANY, WELLINGTON CLAIM | § | |
| SERVICE, INC., WELLINGTON | § | |
| ADJUSTING SERVICES, INC., AND | § | |
| CHRISTOPHER GRIMM, | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

**PLAINTIFFS' REQUEST FOR DISCLOSURES TO DEFENDANT
WELLINGTON CLAIM SERVICE, INC.**

TO:   DEFENDANT WELLINGTON CLAIM SERVICE, INC., by and through its Registered Agent, Corporation Services Company d/b/a CSC - Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request that the above-named Defendant, Wellington Claim Service, Inc. (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

Respectfully submitted,

**MOSTYN LAW**

*/s/ René M. Sigman*
René M. Sigman
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFFS**

**"EXHIBIT A-2"**

CAUSE NO._____

| | | |
|---|---|---|
| **JORGE HERNANDEZ AND** | § | **IN THE DISTRICT COURT OF** |
| **MARTHA HERNANDEZ,** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **BEXAR COUNTY, TEXAS** |
| | § | |
| **SUSSEX INSURANCE COMPANY** | § | |
| **F/K/A COMPANION PROPERTY** | § | |
| **AND CASUALTY INSURANCE** | § | |
| **COMPANY, WELLINGTON CLAIM** | § | |
| **SERVICE, INC., WELLINGTON** | § | |
| **ADJUSTING SERVICES, INC., AND** | § | |
| **CHRISTOPHER GRIMM,** | § | |
| *Defendants.* | § | **_____ JUDICIAL DISTRICT** |

**PLAINTIFFS' REQUEST FOR DISCLOSURES TO DEFENDANT
WELLINGTON ADJUSTING SERVICES, INC.**

TO:    DEFENDANT WELLINGTON ADJUSTING SERVICES, INC., by and through its
Registered Agent, Corporation Services Company d/b/a CSC - Lawyers Incorporating
Service Company, 211 East 7th Street, Suite 620, Austin, Texas, 78701.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request that the
above-named Defendant, Wellington Adjusting Services, Inc. (hereinafter referred to as
"Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the
information or material described in Rule 194.2.

Respectfully submitted,

**MOSTYN LAW**

*/s/ René M. Sigman*_____
René M. Sigman
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFFS**

**"EXHIBIT A-3"**

CAUSE NO._____

| | | |
|---|---|---|
| JORGE HERNANDEZ AND | § | IN THE DISTRICT COURT OF |
| MARTHA HERNANDEZ, | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | BEXAR COUNTY, TEXAS |
| | § | |
| SUSSEX INSURANCE COMPANY | § | |
| F/K/A COMPANION PROPERTY | § | |
| AND CASUALTY INSURANCE | § | |
| COMPANY, WELLINGTON CLAIM | § | |
| SERVICE, INC., WELLINGTON | § | |
| ADJUSTING SERVICES, INC., AND | § | |
| CHRISTOPHER GRIMM, | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' REQUEST FOR DISCLOSURES TO DEFENDANT CHRISTOPHER GRIMM

TO:   DEFENDANT CHRISTOPHER GRIMM, 1350 SW Alsbury Blvd, Apt 611, Burleson, Texas 76028.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request that the above-named Defendant, Christopher Grimm (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

Respectfully submitted,

**MOSTYN LAW**

*/s/ René M. Sigman*
René M. Sigman
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFFS**

ILED
3/28/2016 9:20:26 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Debra Cantu

## CAUSE NO.2016CI02213

| | | |
|---|---|---|
| JORGE AND MARTHA HERNANDEZ, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| | § | BEXAR  COUNTY, TEXAS |
| SUSSEX INSURANCE COMPANY F/K/A | § | |
| COMPANION PROPERTY AND | § | |
| CASUALTY INSURANCE COMPANY, | § | |
| WELLINGTON CLAIM SERVICE, INC., | § | |
| WELLINGTON ADJUSTING SERVICES, | § | |
| INC., AND CHRISTOPHER GRIMM, | § | |
| | § | |
| Defendants. | § | 73RD JUDICIAL DISTRICT |

## DEFENDANTS, SUSSEX INSURANCE COMPANY F/K/A COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY, WELLINGTON CLAIM SERVICE, INC., WELLINGTON ADJUSTING SERVICES, INC., AND CHRISTOPHER GRIMM'S ORIGINAL ANSWER,  AFFIRMATIVE DEFENSES AND SPECIAL EXCEPTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

Come now Defendants Sussex Insurance Company F/K/A Companion Property and Casualty Insurance Company ("SIC"), Wellington Claim Service, Inc. ("WCS"), Wellington Adjusting Services, Inc. ("WAS", and Christopher Grimm ("Grimm") (hereinafter "Defendants") and file this, their original answer, affirmative defenses, and special exceptions, and would respectfully show as follows:

### I. ORIGINAL ANSWER

1.     Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny the allegations contained within Plaintiffs' Original Petition and demands strict proof thereon by a preponderance of the credible evidence in accordance with the laws of the State of Texas.

### II. FIRST AFFIRMATIVE DEFENSE
### Failure of Conditions Precedent

---

2395068v1
09601.622

2.      Pleading further and without waiver of the above, Defendants deny the occurrence of all conditions precedent to Plaintiffs' claim.  Without limiting the foregoing, Defendants deny that the following has occurred:

a.      that there has been full compliance with all terms and conditions of the insurance policy at issue as required prior to Plaintiff bringing suit, including, but not limited to, the requirement that Plaintiff provide prompt notice of loss and the requirement that payment is only due after agreement is reached on the amount of loss or an appraisal award has been made.

b.      that Plaintiffs have provided the required written notice under Section 17.505 of the Texas Business & Commerce Code and/or Section 541.154 of the Texas Insurance Code at least 60 days prior to filing suit.

### III.  SECOND AFFIRMATIVE DEFENSE
### Failure to State a Claim Against Defendants

3.      Plaintiffs' causes of action are barred, either in whole or in part, because they failed to state a claim upon which relief can be granted.  Specifically, Plaintiffs failed to describe how SIC's alleged breach of contract converts Plaintiffs' contractual claim into a cause of action against all named Defendants for alleged violations of the Insurance Code, fraud, and conspiracy to commit fraud.  Plaintiffs' petition instead merely recites conclusory allegations, parrots provisions of the Insurance Code, alleges the required elements of fraud, and generically alleges that Defendants violated same.  Absent any specific factual allegations of the alleged violations in Plaintiffs' Petition, the petition does not support a claim upon which relief can be granted.

### IV.  THIRD AFFIRMATIVE DEFENSE
### Damage Limitation

4.      Plaintiffs' damages, if any, are limited by the amount set forth in the Policy limitations provisions of the applicable Policy.

### V.  FOURTH AFFIRMATIVE DEFENSE
### Liability Not "Reasonably Clear"/*Bona Fide* Controversy

---

5.    As to Plaintiffs' claims alleging common law and statutory bad faith against Defendants, a *bona fide* controversy existed and continues to exist concerning the scope and amount of the allegedly covered loss and Plaintiffs' entitlement to insurance benefits under the Policy.  Defendants possess the right to investigate questionable claims without facing bad faith liability.  Defendants investigated Plaintiffs' claim and noted no covered damages which exceeded the Policy's deductible.  Defendants' investigation revealed no wind or hail-created openings to the roof (which included two layers of shingles) which would have caused the interior damages about which Plaintiff sues.  To the extent the Parties disagree as to the amount of covered damage, a *bona fide* dispute exists barring Plaintiffs' extra-contractual claims.

### VI.  FIFTH AFFIRMATIVE DEFENSE
#### Punitive Damage Limitation

6.    With respect to Plaintiffs' claim for damages, any award of punitive damages must be limited to the greater of:  (1) two times the amount of economic damages plus an amount equal to any non economic damages found by the jury, not to exceed $750,000; or (2) two times the amount of economic damages plus $200,000, pursuant to the statutory mandates of Texas Civil Practices & Remedies Code §41.002-41.009.

### VII.  SIXTH AFFIRMATIVE DEFENSE
#### Policy Terms

7.    Defendants plead the warranties, terms, definitions, provisions, conditions, exclusions and limitations of the Policy as if such were fully set forth herein, *in extenso*.  Under Texas law an insured has a duty to read an insurance policy and is charged with knowledge of its contents.  Defendants assert that any claim which is based upon a representation, inducement, or reliance on a representation fails as a matter of law, since Plaintiffs are charged with knowledge of the contents of the insurance policy at issue.

---

8.     The Policy provides coverage for loss or damage to Plaintiffs' property caused by specifically enumerated perils.  To the extent Plaintiffs' reported damages are caused by unnamed perils, Plaintiffs' claims for same are barred.  For instance, damages caused by wear, tear and deterioration, or lack of maintenance such as cracks in caulk around roof vents, are not covered.



## VIII.  SEVENTH AFFIRMATIVE DEFENSE
### Failure to Mitigate

9.     Defendants assert that Plaintiffs failed to mitigate their damages.

## IX.  EIGHTH AFFIRMATIVE DEFENSE
### Fortuity Doctrine

10.     To the extent that Plaintiffs seek compensation for property damages that pre-existed the date of loss at issue in this lawsuit, Defendants plead that such damages are barred by

---

2395068v1
09601.622

the fortuity doctrine which bars known losses or losses in progress. Under the fortuity doctrine, coverage is precluded where the Plaintiffs are, or should be, aware of an ongoing progressive loss or known loss at the time the policy is purchased. To the extent that Plaintiffs seek amounts from Defendants for damages from settlement, wear, tear and deterioration, pre-existing damages, or lack of maintenance which occurred prior to the inception of the policy, such damages are barred.

## X. DEMAND FOR JURY TRIAL

11.     Defendants demand a jury trial in this case.

## XI.     SPECIAL EXCEPTIONS

12.     Defendants specially except to Plaintiffs' Original Petition because it fails to identify facts which support Plaintiffs' common law and statutory bad faith claim against Defendants. Plaintiffs have not identified any facts regarding any breach of the duty of good faith and fair dealing by Defendants or any damages caused by such breach which are separate and apart from the damages Plaintiffs claim pursuant to their alleged contractual breach claim against SIC.

13.     Further, Plaintiffs' Original Petition fails to identify or provide adequate facts or explanation of the conduct which support Plaintiffs' Insurance Code, fraud, and conspiracy to commit fraud claims against Defendants. Specifically, Plaintiffs' Original Petition fails to identify any misrepresentation or false statements made by Defendants which support Plaintiffs' claims against Defendants for knowing misconduct or misrepresentations. Plaintiffs' Petition fails to identify any factual assertions as to how Plaintiffs relied on any such misrepresentations and how such misrepresentations were the producing cause of any damages to Plaintiffs

---

independent of the damages Plaintiffs allege they suffered due to SIC's purported breach of contract.

14.     Further, other than conclusory allegations that Defendants performed a substandard investigation, which Defendants expressly deny, Plaintiffs have failed to assert any actionable, specific facts against Defendants which support any claim for extreme conduct by Defendants which was the cause-in-fact of any actual damages to Plaintiffs independent of the contract damages Plaintiffs seek against SIC.

15.     Accordingly, Plaintiffs should be required to file an amended pleading which sets forth facts and evidence in support of Plaintiffs' claims for alleged bad faith, alleged violations of the Insurance Code, fraud, and conspiracy to commit fraud by Defendants, as well as the maximum alleged damages related thereto.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully pray that Plaintiffs be ordered to file an amended pleading which sets forth facts and evidence in support of Plaintiffs' claims for alleged breach of contract, bad faith, alleged violations of the Insurance Code, fraud and conspiracy to commit fraud by Defendants, as well as the maximum alleged damages related thereto, that Plaintiffs take nothing on their claims against Defendants, that Defendants recover their costs herein, and that they receive such other and further relief, general or special, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By:   */s/ Christene Wood*
      George H. Arnold, Attorney-In-Charge
      State Bar No. 00783559
      D. Christene Wood
      State Bar No.:  24042188

---

One Riverway, Suite 1400
Houston, Texas  77056
Telephone:  (713) 403-8210
Facsimile:  (713) 403-8299

## ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

This is to certify that on the 28th day of March 2016 a true and correct copy of the foregoing document was delivered to all counsel of record in accordance with the Texas Rules of Civil Procedure as follows:

Ms. Rene Sigman                          *Via Electronic Service and/or Fax*
THE MOSTYN LAW FIRM
3810 West Alabama Street
Houston, Texas  77027
(713) 861-8084 - fax

                                         */s/Christene Wood*
                                         Christene Wood

## VERIFICATION

STATE OF TEXAS                          §
                                        §
COUNTY OF HARRIS                        §


BEFORE ME, the undersigned notary public, on this day personally appeared Christene Wood, being by me duly sworn on her oath deposed and said that she has read the above and foregoing pleading and the statements contained therein are, to the best of her knowledge, information and belief, true and correct.

_____
Christene Wood


SUBSCRIBED AND SWORN TO BEFORE ME by Christene Wood on this the 28th day of March 2016, to certify which witness my hand and official seal.

_____
Notary Public, State of Texas

_Rebecca C. Burton_
Typed or Printed Name of Notary:

My Commission Expires:



REBECCA C. BURTON
ID # 873659-4
My Comm. Exp. May 23, 2018

2395068v1
09601.622